IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IZABELLE AZIZI, by and through her next friend and mother, SUZANNE AZIZI, and CHARLES AZIZI, SUZANNE AZIZI, individually, and MELANI AZIZI, by and through her next friend and mother, SUZANNE AZIZI | ) ) ) ) ) ) ) | 8:03CV150 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss or, alternatively, for summary judgment, Filing No. 35. This is an action for damages resulting from the alleged medical malpractice of the defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA").

**Standard of Review**

Defendant has filed a motion to dismiss, or in the alternative, a motion for summary judgment. However, in this case defendant has already filed an answer, Filing No. 8, and the court has previously denied a motion to dismiss or, in the alternative, for summary judgment. Filing No. 26. Further, defendant has submitted evidence in conjunction with the motion. Consequently, the court will view the motion currently before it as one for summary judgment.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c); *Harder v. ACANDS*, Inc., 179 F.3d 609, 611 (8th Cir.1999). Once a party has filed a motion for summary judgment, the burden shifts to the nonmoving party to "go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Planned Parenthood of Minnesota/South Dakota v. Rounds,* 372 F.3d 969, 972 (8th Cir. 2004) (quoting *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992)). A dispute is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment. *Id.* In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Koehn v. Indian Hills Community College,* 371 F.3d 394, 396 (8th Cir. 2004).

**Facts**

I previously issued an order denying defendant's first motion to dismiss or, in the alternative, for summary judgment. Filing No. 26. I shall incorporate the relevant facts set forth in my previous order in this memorandum and order. In her complaint, Suzanne Azizi, mother and next friend of thirteen-year-old Izabelle Azizi, alleges that Izabelle sustained pre-birth injuries in late-July 1990, due to Mrs. Azizi's possible placenta previa while Mrs. Azizi was treated at a military hospital at MacDill Air Force Base ("MacDill AFB") in Florida. Mrs. Azizi alleges, on Izabelle's behalf, that Air Force medical providers were negligent in failing to adequately monitor prenatal care and in failing to timely perform a cesarean-section delivery. Filing No. 1, Complaint. The uncontroverted deposition testimony and the medical records show that Suzanne Azizi was admitted to MacDill AFB hospital on July

29, 1990, for vaginal bleeding. Filing No. 18, Ex. 3, Deposition of Suzanne Azizi, at 29-31. She was told she had suffered a placental abruption and was treated and released several days later with instructions to limit her activities. *Id.* at 43, 31.

Izabelle began having developmental delays and has been treated by Dr. Richard Andrews. Plaintiff believes these developmental delays are associated with her condition during pregnancy and delivery. This theory appeared at first to be substantiated by Dr. Andrews. On December 22, 1999, plaintiff Izabelle Azizi, "by and through her Next Friend and Mother, Suzanne Azizi," filed a claim for damage, injury, or death with the Department of the Air Force ("Air Force"). Filing No. 1, Ex. A. The Air Force denied Izabelle Azizi's claim on January 23, 2003. Filing No. 1, Ex. C. It found the claim had been filed after the two-year statute of limitations period applicable under the FTCA. *Id.* at 1. The Air Force further found no negligence in Mrs. Azizi's prenatal care, stating that it found "no medical indication for performing a caesarian section" at the time Mrs. Azizi was admitted for vaginal bleeding during the third trimester of her pregnancy and noting, "Izabelle was born with excellent Apgar scores suggesting no compromise *in utero* during labor and delivery." *Id.* at 2.

**Discussion**

Defendant has filed this motion alleging that it is entitled to judgment as a matter of law. The progression order entered in this case required the plaintiffs to file their statement of expert witness designation pursuant to Fed. R. Civ. P. 26(a)(2) by June 1, 2005, but the magistrate judge extended that deadline to July 1, 2005. Filing Nos. 27 and 31. Plaintiffs have failed to designate an expert in this case. Defendant in its brief has represented to the court that counsel for the plaintiffs, James Welsh, has informed counsel for the

defendant that he has been unable to locate an expert in this case who would support plaintiff's theory. Mr. Welsh also told defense counsel that he did not think additional time to designate an expert would be needed as that would not be helpful to him. Filing No. 37 at 2, and 12-13.

On or about July 27, 2004, defendant designated its expert in this case. Filing No. 34. In addition, at the same time defendant filed this motion to dismiss or, in the alternative, for summary judgment with a supporting index of evidence and brief. Filing Nos. 35, 36 and 37. The plaintiffs have not responded to the motion to dismiss or for summary judgment, and the time to do so has expired. In its motion for summary judgment, defendant has set forth expert witness evidence that establishes that the personnel at the Air Force hospital in Florida met or exceeded the appropriate standard of care while treating the plaintiff and her baby. The plaintiff has failed to offer any evidence of malpractice or to offer any evidence that the defendant failed to meet the standard of care while treating her.

The FTCA provides that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Under the FTCA, the substantive law of the state where the challenged conduct occurred governs the rights and liabilities of the parties. 28 U.S.C. § 1346(b). *See also FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Washington v. Drug Enforcement Administration*, 183 F.3d 868, 873 (8th Cir. 1999); *Budden v. United States*, 15 F.3d 1444, 1449 (8th Cir. 1994); *Davis v. United States*, 395 F. Supp. 793, 795 (D. Neb. 1975). Under Florida law, a plaintiff must establish the standard of care owed to a defendant, breach of the standard,

and proximate cause of the damages.  *Moisan v. Frank K. Kriz, Jr., M.D., P.A.*, 531 So.2d 398, 399 (Fla. Dist. Ct. App. 1988).

To establish the professional standard of care plaintiff must establish "that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers." Fla. Stat. § 766.102(1).  Generally, in a medical malpractice case in Florida, the plaintiff must prove the physician's breach of the standard of care by expert testimony. *Moisan*, 531 So.2d at 399.

The court has carefully reviewed the evidence offered by the defendant in support of the summary judgment motion.  Dr. Gregory Heidrick opines that the defendant met the standard of care in this case. Filing No. 36, Ex. 1.  Plaintiffs have failed to provide any medical expert to establish negligence on the part of the defendant.  Further, plaintiffs have failed to offer any evidence to refute the evidence offered by the defendant in support of its motion for summary judgment.  Thus, no issue of material fact exists upon which the trier of fact could disagree and this case must be dismissed.

IT IS, THEREFORE, ORDERED that the United States' motion to dismiss, or in the alternative, for summary judgment, Filing No. 35, is granted.

Dated this 25th day of August, 2005.

                                BY THE COURT:

                                s/ Joseph F. Bataillon
                                Joseph F. Bataillon
                                United States District Judge